FREDERICK MENZENHAUER

18  463
a65  402

v.

OSCAR SCHMIDT.

[Submitted May 20th, 1902.  Decided May 24th, 1902.
Filed October 11th, 1902.]

A retired partner, suing to set aside an amicable settlement of the part-
nership affairs on the ground of fraud in the continuing partner whereby
he (the retired partner) did not receive his full share in the partnership
assets, and for a dissolution and accounting, is not required, as a condition
precedent to relief, to offer in his bill to pay back to the continuing part-
ner the amount which he received in the amicable settlement.

On demurrer.

The facts admitted by the demurrer are that, in April, 1899,
the complainant and defendant entered into a partnership for
the manufacture and sale of certain musical instruments known
as guitar-zithers. The manufacture of those instruments was
carried on in Jersey City, under the supervision of the com-
plainant, and the sale of them was conducted by the defendant
in different parts of the United States and Europe—principally
in Europe; that to assist in the sale it was important to use a
sort of patent music sheet, which promoted a mechanical opera-
tion of the instruments, and the furnishing of these music sheets
involved the payment of large fees to the patentee; that during
the first year of the business, and while the defendant was con-
ducting it in Europe, large sales were made and statements
thereof sent to complainant up to the month of January, 1900.
After that date the defendant wrote to the complainant that
the business was very poor and had been ruined by strikes, and
that the cost of the license fee paid to the patentees of the music
sheets had, in connection with the strikes, substantially ruined
it; that, in May, 1900, complainant was about to leave for

Europe to investigate the condition of affairs, when the defendant came from Europe to New Jersey to see complainant, and there informed him that the business was no longer profitable, and that there was not enough in it to support both partners, and that one or the other must withdraw, and then furnished a statement of the business, in which was stated the amount of money in banks in Europe and the amount of indebtedness there standing against the firm, showing the debits to be equal to the credits, and stating to the complainant that there were no assets in Europe, and that the only valuable asset was the factory property in Jersey City, which was estimated to be worth $60,000. Complainant relied upon the statements of the defendant, and then and there agreed to dissolve the partnership and sell his one-half of the business to the defendant for $30,000, which he did, and received the said sum of $30,000. Afterwards he learned that the statements of the defendant as to the condition of the business in Europe, and the amount paid and necessary to be paid as license fees to the patentees of the music sheets were grossly inaccurate and false, and that there was a large surplus of assets in Europe, and that the license fees had been commuted and reduced to a comparatively small sum, and that the business, instead of being, as alleged by the defendant, unprofitable, was in a highly prosperous condition; that the complainant spent a year or two in investigating the affairs of the partnership, and as soon as he ascertained the true facts called on the defendant to come to an accounting with him. The books, papers and all the assets of the firm are in the possession and under the control of the defendant.

The prayer is—*first,* that the assignment of complainant's interest in the zither business to the defendant be declared null and void; *second,* that the partnership may be decreed to be dissolved and a receiver appointed of the property, rights and good will of the partnership, and *third,* that a complete account may be taken, under the order of the court, between the complainant and defendant of the partnership accounts, and the defendant decreed to pay complainant the amount which may be found due him.

Menzenhauer *v.* Schmidt.

The demurrer is based solely on the ground that the complainant, in his bill, does not offer to pay back to the defendant the $30,000 which he has received.

*Mr. Walter L. McDermott,* for the demurrant.

*Mr. James A. Gordon, contra* (not called on).

PITNEY, V. C.

I think the demurrer is based upon a wrong conception of the situation. The transaction sought to be annulled was not, strictly speaking, a sale of a chattel by the complainant to the defendant, for which the complainant obtained a sum of money, and which chattel he seeks to recover back without returning the money which he received. The transaction was, in substance and effect, a dissolution of a partnership, in which the partnership assets and good will were turned over to one partner and the other was paid a consideration for his interest in the assets and business. It was a payment by the instaying partner to the outgoing partner of a sum of money as the value of his interest in the partnership. It was, in effect, an amicable dissolution of the partnership.

Now, the scope of the prayer of the bill is not that the partnership relation should be reinstated, but that the dissolution should be judicially declared, and an account taken of the partnership affairs, and the interest of the complainant therein ascertained, according to the practice of this court, and the complainant paid that amount. The allegation, which, for present purposes, must be taken to be true, is that the amount of that interest is, and, when judicially ascertained, will prove to be, much greater than the sum of $30,000 received by the complainant. In taking the account the complainant, of course, will be charged with so much money received by him from the defendant, and the defendant will be credited with that amount, unless he paid it out of partnership funds.

This view of the case shows its marked distinction from a case in which a fraud-doer conveys to the defrauded one an article

30

of merchandise of little value and, by fraud and chicanery, induces him to pay for it a sum greater than its value. In such a case the defrauded party cannot recover back his money from the fraud-doer without, at the same time, handing him back the article of merchandise which he received. He cannot receive the money and keep the object for which it was originally paid. But the principle applicable to such a case does not apply here.

If we seek for a parallel to the present case in the sale of a chattel, we will more nearly find it in a case where the vendor of the chattel, by fraud, is induced to part with it for a much less sum than its value, and seeks to recover, not the chattel, but the remainder of its value over and above the amount he has already received.

A short statement of the case is that the complainant is seeking the aid of this court to ascertain the real value of his interest in the partnership at the time of the dissolution, and to compel the defendant to pay him the excess over and above what he has already received.

I will advise that the demurrer be overruled, upon the usual terms.